# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>ANGELA P. VALENCIA VALENCIA,<br><br>Debtor. | Bankruptcy Case No. 21-10866 TBM<br>Chapter 13 |

## ORDER DISMISSING CHAPTER 13 CASE

THIS MATTER comes before the Court on the "Chapter 13 Trustee's Motion to Dismiss" (Docket No. 59, the "Motion to Dismiss"), filed by Douglas B. Kiel, Chapter 13 Trustee on July 8, 2025.

In the Response (Docket No. 60) to the Motion to Dismiss, counsel for Angela P. Valencia Valencia (the "Debtor") stated that that the Debtor had a change in employment which caused her to fall behind on the plan payments and is making additional payments to cure the plan payment arrears forthwith. Accordingly, the Court gave the Debtor until August 25, 2025, by which to file *either*: (a) a verified joint statement, signed by the Chapter 13 Trustee, in which the Debtor and the Trustee certify that the Debtor is now current on plan payments; or (b) a Stipulation in which the Debtor and the Trustee set forth their agreement regarding payment of arrearages over time; or (c) some other appropriate pleading addressing payment of arrearages. The Court warned that failure to do so could result in the dismissal of their case. (Docket No. 62, the "Order".)  Counsel for the Debtor filed a Notice of Advisement (Docket No. 64) on August 25, 2025, informing the Court that counsel advised the Debtor as to the Court's Order.  The Debtor otherwise failed to respond to the Order by the deadline established by the Court. The Court hereby

**FINDS** that:

1. Dismissal of this case is appropriate pursuant to 11 U.S.C. § 1307(c).
2. A plan has been confirmed.
3. No request for delayed revestment of property of the estate has been made.

**IT IS THEREFORE ORDERED** that:

1. The Motion to Dismiss is GRANTED and the CASE IS DISMISSED. The Clerk of the Court must serve this order on all creditors and parties in interest within five (5)

days of the date of the Order.

      2.  In accordance with 11 U.S.C. § 349(b)(1) and (2), any transfer avoided under 11 U.S.C. §§ 522, 544, 545, 547, 548, 549 or 724(a), or preserved under 11 U.S.C. §§ 510(c)(2), 522(i)(2) or 551 is reinstated; any lien voided under 11 U.S.C. § 506(d) is reinstated; and any order, judgment or transfer ordered under 11 U.S.C. §§ 522(i)(1), 542, 550 or 553 is vacated.

      3.  All property of the estate, except payments made by the Debtors to the Chapter 13 Trustee, will revest in the Debtors as of the date of this Order pursuant to 11 U.S.C. § 349.

4.    Within 30 days of the date of this order, the Trustee must distribute payments received from the Debtors in accordance with the terms of the confirmed plan. 11 U.S.C. § 1326(a)(2).

      DATED this 26th day of August, 2025.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara,
United States Bankruptcy Judge